UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LEE YATES, JR., <br><br> Petitioner, <br><br> v. <br><br> STEPHEN D. SINCLAIR, <br><br> Respondent. | NO.  C13-0842 RSM <br><br> ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ABEYANCE <br><br> **THIS IS A CAPITAL CASE** |

## I. INTRODUCTION

This matter comes before the Court on Petitioner Robert Lee Yates, Jr.'s Motion for Stay and Abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Dkt. # 18.  In this capital habeas corpus action, Mr. Yates seeks to stay the Court's consideration of his First Amended Petition so that he may exhaust two claims that have yet to be considered by a Washington state court. Respondent opposes a full stay and asks the Court consider the claims that have been exhausted while staying consideration of the two unexhausted claims. For the reasons set forth below, the Motion for Stay and Abeyance shall be granted in its entirety and this matter shall be stayed pending resolution of Mr. Yates' state court proceedings.

ORDER ON PETITIONER'S
MOTION FOR STAY AND ABEYANCE – 1

**II. BACKGROUND**

Petitioner Yates is a prisoner held in the Intensive Management Unit of the Washington State Penitentiary at Walla Walla, Washington. Yates' incarceration derives from two cases: *State v. Yates*, Spokane County Cause No. 00-1-01153-0 ("Spokane County case") and *State v. Yates*, Pierce County Cause No. 00-1-03253-8 ("Pierce County case").

In the Spokane County case, Yates pleaded guilty to thirteen counts of First Degree Murder and one count of Attempted First Degree Murder on October 13, 2000. *See* Dkt. # 11 (First Amended Petition for Writ of Habeas Corpus, hereafter referred to as Dkt. # 11), ¶ II.A.4. The court sentenced Yates to a 408 year prison term for those crimes. *See id.* at ¶ II.A.5. In July of 2012, Yates filed a personal restraint petition ("PRP") challenging his convictions in the Spokane County case. *See id.* at ¶ II.A.6; *In re Personal Restraint of Yates*, Washington Supreme Court No. 875189.  Petitioner states that the Washington Supreme Court has yet to issue a ruling although the PRP has been fully briefed. *See* Dkt. # 11, ¶ II.A.6.

In the Pierce County case, Yates was convicted of two counts of aggravated murder in October 2002. *See id.* at ¶ II.B.4. After a sentencing hearing, the jury returned a sentence of death. On October 9, 2002, Yates was formally sentenced to death in Pierce County Superior Court. *See id.* Yates then filed a direct appeal and a PRP in the Washington Supreme Court. *See id.* at ¶¶ II.B.5 – II.B.6; *see also State v. Yates*, 161 Wash. 2d 714 (2007) and *In re Yates*, 177 Wash. 2d 1 (2013). All of Yates' claims for relief were rejected by the Washington Supreme Court, and on April 3, 2013, Yates filed a Notice of Intent to file a Habeas Corpus Petition under 28 U.S.C. § 2254 in this Court.

Yates filed a preliminary pleading entitled Application for Writ of Habeas Corpus; Motion to Appoint Counsel; Unopposed Request for Stay of Execution on May 10, 2013. *See* Dkt. # 1. Then, on January 21, 2014, Yates filed the First Amended Petition for Writ of Habeas Corpus wherein he raised two claims that have yet to be resolved in the Washington state courts.

As to these unexhausted claims, Claim One alleges that Yates' Pierce County case trial counsel were ineffective for failing to file a motion for improper venue pursuant to CrR 5.1, CrR 5.2(a), or Washington Constitution Article I, § 22. It also alleges that post-conviction counsel were ineffective by failing to raise the ineffective assistance of trial counsel claim. Yates filed additional evidence in the form of declarations to support this new claim. In addition, he recently filed a PRP in the Washington Supreme Court. *See* Dkt. # 11, ¶ II.C.3. The Washington Supreme Court has assigned cause number 89792-1 to the new PRP. Dkt. # 18, p. 3 n.2.

Claim Three raises a legal claim challenging the guilty pleas in the Spokane County case. *See* Dkt. # 11, ¶¶ IV.C.1 – IV.C.8. Claim Three alleges that the guilty pleas and judgment in the Spokane County case were unconstitutional and therefore the jury in the Pierce County case should not have considered them during the penalty phase. As noted above, Yates raised the constitutional challenge to the Spokane guilty pleas and judgment in a June 2012 PRP that the Washington Supreme Court has yet to rule upon.

# III. DISCUSSION

**A. Legal Standard**

A federal court may not grant habeas corpus relief on a claim that has not been exhausted in state court. 28 U.S.C. § 2254(b). The federal habeas statutes codify the long-standing common law rule that a state prisoner must "fairly present" to the state courts the substance of the federal claim. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The doctrine of exhaustion derives from the policy of federal-state comity and gives state courts the first occasion to correct any constitutional violations. *See id.* at 275-76.

A mixed petition is one that contains both exhausted and unexhausted claims. "When faced with a petition that contains unexhausted claims, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2)."[1] *Baker v. Ricci*, CIV. 09-3654 KM, 2013 WL 4833415, at * 11 (D.N.J. Sept. 9, 2013) (citing *Rhines*, 544 U.S. at 277-78).

If a federal habeas petitioner requests a stay and abeyance to bring the unexhausted claims in state court, the district court may stay the mixed petition if three conditions have been met. Stay and abeyance is appropriate where (1) the petitioner has shown "good cause" for his failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in dilatory or abusive litigation practices. *See Rhines*, 544 U.S. at

---

[1] Although Respondent contends that the Court should hold in abeyance the two unexhausted claims and proceed to consider the remaining claims on the merits, it has failed to cite any authority that permits a district court to adjudicate only a portion of a petition for habeas corpus.

277-78. "In such circumstances, the district court should stay, rather than dismiss the mixed petition." *Id.* at 278. This is because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

**B. Analysis**

<u>Claim One</u>

Yates' contends that his newly raised ineffective assistance of trial and post-conviction counsel claim satisfies *Rhines*' "good cause" for failure to exhaust standard pursuant to two recent Supreme Court cases—*Martinez v. Ryan*, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013).

In *Rhines*, the Supreme Court did not offer detailed explanation of what constitutes good cause to warrant a stay of a mixed petition. And although *Martinez* did not expound upon *Rhines*, it addressed a related, albeit distinct issue: when a habeas petitioner demonstrates cause and prejudice to excuse a procedural bar. "*Martinez* announced an exception to the longstanding *Coleman* rule that ineffective assistance of PCR counsel cannot establish cause to overcome procedural default." *Dickens v. Ryan*, 08-99017, 2014 WL 241871, at * 12 (9th Cir. Jan. 23, 2014) (en banc). The Supreme Court held that where state law requires that an ineffective assistance of trial counsel claim must be raised at the initial-review collateral proceeding, and post-conviction counsel fails to raise the claim at that proceeding, there is cause for the federal habeas court to review the procedurally defaulted claim. *Id.* at 1320.

ORDER ON PETITIONER'S
MOTION FOR STAY AND ABEYANCE  – 5

The Supreme Court revisited and subtly extended *Martinez* in *Trevino*. *Trevino* differed from *Martinez* in that the state law governing the procedural bar did not categorically require that an ineffective assistance claim be raised at the initial-review proceeding. 133 S. Ct. at 1918. In *Trevino*, however, the state's post-conviction procedures severely limited appellate counsel's ability to raise the claim on direct review. *Id.* at 1921. The Court held that such a scenario also demonstrated cause for the federal habeas court to review the procedurally defaulted claim. *Id.*

When faced with certain unexhausted claims for ineffective assistance of counsel, district courts have read *Martinez* to inform the *Rhines* good cause standard. *See, e.g., Byford v. Baker*, Case No. 11-cv-00112-JCM-WGC, 2013 WL 431340, at * 5 (D. Nev. Feb. 1, 2013) (concluding—after considering *Martinez*—that post-conviction counsel's failure to raise an ineffective assistance of trial counsel claim during initial-review collateral proceedings "may establish cause for failure to exhaust that claim"). For example in *Byford*, like here, the petitioner raised an unexhausted claim for ineffective assistance in his federal habeas petition. *Id.* at * 3.  The petitioner alleged that his trial counsel was ineffective for failing to investigate and present mitigating evidence during his penalty-phase trial and that his habeas counsel was ineffective for failing to raise the ineffective assistance of counsel claims in his first state court habeas action. *Id.* Because, under Nevada law, a claim for ineffective assistance of counsel must be raised in a first state habeas action, the *Byford* court concluded that the petitioner demonstrated good cause for failing to exhaust his ineffective assistance claims,

which were likely procedurally defaulted. *See id.* at * 5. The court then granted the motion for stay and abeyance to allow petitioner to exhaust his claims in Nevada state court.[2]

While making no determination that Yates' ineffective assistance claims are procedurally defaulted, the Court concludes that Claim One would be properly before the Court under *Martinez* and *Trevino*, and that there is good cause to stay the federal habeas petition so that the Washington Supreme Court "gets the first crack at new claims while preserving the [petitioner's] ability to file a federal habeas petition if relief is denied." *Dickens* 2014 WL 241871 at * 20 (Callahan, J. dissenting) (citing with approval the stay procedure adopted in *Trevino*).

Although the Court has determined that Yates has shown good cause for failing to exhaust Claim One, *Rhines* also requires that unexhausted claims must not be "plainly meritless." 544 U.S. at 277-78. Yates contends that he "has presented a substantial claim of ineffective assistance at trial." Dkt. # 18, p. 9. The First Amended Petition alleges that the Pierce County Prosecuting Attorney refused to accept the plea arrangement suggested by the Spokane County Prosecuting Attorney and instead sought the death penalty against Yates. *See* Dkt. # 11, ¶¶ IV.A.3 and IV.B.3 – IV.B.10. It further alleges that there is reasonable doubt as to whether the murders prosecuted in Pierce County actually occurred in Pierce County. *See id.* at ¶¶ IV.A.5. – IV.A.8.; *see also* RP 7469 (prosecutor's concession that Ms. Mercer was likely murdered before her body entered Pierce County).

---

[2] The *Byford* court also reasoned that the *Rhines* good cause standard for failure to exhaust is more generous than the good cause standard necessary to overcome a procedural default. *Id.* (citing *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying Supreme Court's mandate on remand) and discussing *Pace v. Diguglimo*, 544 U.S. 408, 416-17 (2005)).

ORDER ON PETITIONER'S
MOTION FOR STAY AND ABEYANCE – 7

Yates' trial attorneys stated that they hoped to identify a strategy that would limit the discretion of the Pierce County Prosecuting Attorney, but that they failed to consider bringing a motion for improper venue under CrR 5.1, CrR 5.2(a), or Washington Constitution Article I, § 22, which require that criminal actions be brought in the county where the crime was alleged to have been committed. *See* Dkt. # 14, Hunko Decl., ¶¶ 4-5, 8; *see also* Dkt. # 13 and 19, Hugh Decl., ¶ 3. Further, Yates' expert, Mr. Iaria, opines that Mr. Yates' trial counsel "abandoned a vital legal issue" and that this error constituted a violation of the American Bar Association's Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (Rev. ed. 2003). Dkt. # 15, Iaria Decl., ¶¶ 36-39. Given the evidence and allegations presented, and the absence of argument to the contrary by Respondent, the Court does not find Claim One to be plainly without merit.

In addition, the evidence does not support Respondent's argument that Yates could have brought this claim earlier. Yates has filed several declarations from trial counsel and post-conviction counsel that show that they did not consider the issue. *See generally* Dkt. ## 12-14, 16-17, 19. Yates' newly appointed federal habeas counsel states that he first identified the claim in September of 2013. Dkt. # 23, p. 6. Once identified, counsel filed the First Amended Petition by the deadline set by the Court as well as a new PRP before the Washington Supreme Court. *See* Dkt. # 11, ¶¶ IV.A.1 – IV.C.3. There is no indication that Yates acted dilatory or abusive in bringing his new claim. Thus, as Claim One satisfies the *Rhines* test, a stay and abeyance is warranted.

Claim Three

Claim Three also warrants application of a stay. The claim alleges that the Spokane County convictions are constitutionally invalid such that use of the convictions by the Pierce

County Prosecutor to obtain a death sentence was improper. As discussed above, Yates is currently challenging the constitutionality of his Spokane County convictions before the Washington Supreme Court. In *Johnson v. Mississippi*, 486 U.S. 578 (1988), the Supreme Court held that where a death sentence was predicated in part on a prior conviction that was later vacated, the death sentence must also be vacated if the sentencing jury considered evidence that was "revealed to be materially inaccurate." *Id.* 589-90. Here, if the Washington Supreme Court finds the Spokane County convictions unconstitutional, Yates contends that he "will most likely file a successor PRP based on that 'new' evidence" in the Pierce County case. Dkt. # 23, p. 5. Should the successor PRP be unsuccessful, Yates will then ask this Court to apply *Johnson* to vacate the Pierce County death sentence. *Id.* Thus, until the state Supreme Court addresses the merits of Yates' constitutional challenge, this Court's consideration of Claim Three would be premature.

Yates filed the unexhausted claims to preserve his right to federal habeas review before expiration of the Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitations. Full exhaustion of Yates' habeas claims will serve to "reduce[] piecemeal litigation . . . [and] as a result the [Court] will be more likely to review all of [Yates]'claims in a single proceeding, thus providing for a more focused and thorough review." *Rose v. Lundy*, 455 U.S. 509, 520 (1982). Accordingly, Yates' Motion for Stay and Abeyance is GRANTED.

### IV. CONCLUSION

Having considered the Motion, the Response and Reply thereto, and the balance of the record, the Court hereby finds and ORDERS:

(1) Petitioner's Motion for Stay and Abeyance (Dkt. # 18) is GRANTED;

(2) This action is STAYED so that Petitioner may exhaust, in state court, the unexhausted claims of the First Amended Petition for Writ of Habeas Corpus;

(3) Following the conclusion of Petitioner's state court proceedings, Petitioner shall, within thirty (30) days, bring a motion to lift the stay.

DATED this 7th day of February 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON PETITIONER'S
MOTION FOR STAY AND ABEYANCE – 10