UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LEE YATES, JR., | ) |
|           Petitioner, | ) CASE NO. C13-0842RSM<br>)<br>) ORDER DENYING MOTION FOR |
|    v. | ) RECONSIDERATION<br>) |
| STEPHEN D. SINCLAIR, | ) **CAPITAL CASE**<br>) |
|           Respondent. | )<br>) |

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration of this Court's prior Order denying discovery related to his fair cross-section claim. Dkt. #49. "Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, Petitioner has failed to address this standard. Instead, he essentially re-argues the same facts and legal authority already considered by the Court. Petitioner does not appear to raise any new facts or legal authority which could not have been brought to the Court's attention earlier without reasonable diligence. *See* Dkt. #49. As a result, the Court has construed the motion as one asserting manifest error.

Having reviewed Petitioner's motion, the Court finds no manifest error with its prior ruling. Petitioner appears to misconstrue this Court's reasoning in its prior Order. He asserts

ORDER
PAGE - 1

that the Court denied the request on the basis that his counsel "could have and should have said more about underrepresentation" with respect to his individual jury. Dkt. #49 at 6. However, that was not the Court's reasoning. Rather, the Court explained how a petitioner is to establish a *prima facie* violation of the fair cross-section requirement, dkt. #48 at 3-4 (citing *Duren v. Missouri*, 439 U.S. 357, 364-66, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979), and then provided a summary of the evidence that had been presented to the State court when seeking discovery on this claim. The Court then noted that Petitioner's counsel's Declaration, which had been devoid of any statistical evidence to support her request for discovery in the State court, had not been sufficient to raise a *prima facie* claim of a fair cross-section violation. *Id.* at 4-6. The Court concluded that Petitioner's failure to produce the same basic statistical information – *i.e.*, the representation of the groups he believes are underrepresented in the Pierce County community, where jury pools are drawn from in Pierce County, etc. – did not support his request for discovery in this Court. *Id.* The Court makes no mention of any failure to provide information about the individual jury in his case.

Accordingly, the Court finds that Plaintiff has failed to meet the standard in LCR 7(h)(1), declines to revisit its decision denying Petitioner discovery on his fair cross-section claim, and DENIES Plaintiff's Motion for Reconsideration (Dkt. #49).

DATED this 19th day of August 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2