UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT LEE YATES, JR., <br><br> Petitioner, <br><br> v. <br><br> STEPHEN D. SINCLAIR, <br><br> Respondent. | CASE NO. C13-0842RSM <br><br> ORDER GRANTING PETITIONER'S REQUEST FOR STAY AND ABEYANCE <br><br> **THIS IS A CAPITAL CASE** |

THIS MATTER comes before the Court on Petitioner Robert Lee Yates, Jr.'s request for stay and abeyance, which is contained in his Reply to the State's response to Petitioner's supporting brief on the merits. Dkt. #106 at 7. Mr. Yates notes that the Washington State Court of Appeals recently held his Spokane judgment is invalid in part, and that he must be resentenced on the first two counts. *Id*. He further notes that he must challenge the constitutionality of his Spokane convictions (which are at issue in Claim Three of the Amended habeas petition) in the state court before his Claim Three will be ripe for review in this Court. *Id.* at 7-8. Thus, he seeks to stay the Court's consideration of his First Amended Petition so that he may exhaust his challenges to the Spokane judgment. Respondent asks the Court to dismiss the Claim, and makes no representation as to whether Mr. Yates will be allowed to raise it in a successive petition. Dkt. #105 at 10-11.

ORDER FOR STAY AND ABEYANCE – 1

As the parties know, a federal court may not grant habeas corpus relief on a claim that has not been exhausted in state court. 28 U.S.C. § 2254(b). The federal habeas statutes codify the long-standing common law rule that a state prisoner must "fairly present" to the state courts the substance of the federal claim. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The doctrine of exhaustion derives from the policy of federal-state comity and gives state courts the first occasion to correct any constitutional violations. *See id.* at 275-76.

"When faced with a petition that contains unexhausted claims, a district court has four options: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2)." *Baker v. Ricci*, CIV. 09-3654 KM, 2013 WL 4833415, at * 11 (D.N.J. Sept. 9, 2013) (citing *Rhines*, 544 U.S. at 277-78). If a federal habeas petitioner requests a stay and abeyance to bring the unexhausted claims in state court, this Court may stay the mixed habeas petition if three conditions have been met: (1) the petitioner has shown "good cause" for his failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner has not engaged in dilatory or abusive litigation practices. *See Rhines*, 544 U.S. at 277-78. "In such circumstances, the district court should stay, rather than dismiss the mixed petition." *Id.* at 278. This is because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

As this Court previously determined, Claim Three warrants application of a stay. *See* Dkt. #25. The claim alleges that the Spokane County convictions are constitutionally invalid such that use of the convictions by the Pierce County Prosecutor to obtain a death sentence was improper. Mr. Yates is currently challenging the constitutionality of his Spokane County

ORDER FOR STAY AND ABEYANCE – 2

convictions before the Washington Supreme Court. In *Johnson v. Mississippi*, 486 U.S. 578 (1988), the Supreme Court held that where a death sentence was predicated in part on a prior conviction that was later vacated, the death sentence must also be vacated if the sentencing jury considered evidence that was "revealed to be materially inaccurate." *Id.* 589-90. Here, if the Washington Supreme Court finds the Spokane County convictions unconstitutional, he will raise the use of those convictions in these proceedings. Dkt. #106 at 8. Thus, until the state Supreme Court addresses the merits of Mr. Yates' constitutional challenge, this Court's consideration of Claim Three would be premature.

Mr. Yates filed the unexhausted claims to preserve his right to federal habeas review before expiration of the Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitations. Full exhaustion of Mr. Yates' habeas claims will serve to "reduce[] piecemeal litigation . . . [and] as a result the [Court] will be more likely to review all of [Mr. Yates]'claims in a single proceeding, thus providing for a more focused and thorough review." *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

Accordingly, having considered Mr. Yates' request, and the balance of the record, the Court hereby finds and ORDERS:

1. This action is STAYED so that Petitioner may exhaust, in state court, Claim Three of the First Amended Petition for Writ of Habeas Corpus;

2. The Clerk SHALL remove the First Amended Petition for Writ of Habeas Corpus (Dkt. #11) from the Court's motion calendar, to be replaced for consideration when the stay is lifted; and

3. Following the conclusion of Petitioner's state court proceedings, Petitioner shall, within thirty (30) days, bring a motion to lift the stay.

ORDER FOR STAY AND ABEYANCE – 3

DATED this 25th day of May, 2018.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER FOR STAY AND ABEYANCE – 4